By the Court :
Section 1 of an act entitled ah act to compel parents to maintain their children, passed April 28, 1908, 99 Ohio Laws, 228, reads as follows: “The father, or when charged by law with the maintenance thereof, the mother, of a legitimate or illegitimate child or children, under sixteen years of age, or the husband of any pregnant woman, living in this state, who being able either by reason of having means, or by personal services, labor or earnings, shall neglect or refuse to provide such child or children or pregnant *395 woman with necessary or proper home, care, food and clothing, * * * shall, upon conviction, be deemed guilty of a felony.” “Section 2. If the offense charged is abandonment or neglect or refusal to provide such child or children or pregnant woman with the necessary and proper home, care, food and clothing the offense shall be held to have been committed in any county of this state in which. such child or children or pregnant woman may be at the time such complaint is made.” “Section 4. The citizenship once acquired in this state of any father or mother of any legitimate or illegitimate child living in this state, shall be deemed for all the purposes of this act to continue until such child has arrived at the age of sixteen years, provided said child so long continues to live in this state.”
The implication from the brief of the prosecuting attorney is, that the defendant was a non-resident of the state of Ohio during the time laid in the indictment and that the court sustained the demurrer on that ground. How- the court on a hearing on demurrer could be advised of the place of residence does not appear, however, the .question is raised by the record whether it is necessary to charge in the indictment that the defendant was “living in this state.”
The prior act, Section 3140-2, Revised Statutes, (94 Ohio Laws, 105) did not contain provisions like those of Sections 2 and 4, and this court in a case reported without opinion, State v. Etvers, 76 Ohio St., 563, overruled the exceptions of the prosecuting attorney of Williams county • to the ruling of the court of common pleas of that county, *396 that a defendant was not guilty óf the offense, who resided in the state of Indiana during the time laid in the indictment.
Subsequently the act of 1908 was passed, and it cannot be doubted in view of the provisions of Sections 2 and 4 that the legistature intended the words “living in this state” to qualify the person to whom the duty is owing.
That as to some crimes the physical presence of the accused, at the place where the crime is committed, is not essential to his guilt is well settled. Burton v. United States, 202 U. S., 344-387; Norris v. State, 25 Ohio St., 217; Lindsey v. State, 38 Ohio St., 507; 12 Cyc., 237.

Exceptions sustained.

Summers, C. J., Crew. Spear, Davis, Shaucic and Price, JJ., concur.